UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEITH A. KRAMER,                )
                                )
           Plaintiff,           )    Case No. 1:09-cv-997
                                )
v.                              )    Honorable Paul L. Maloney
                                )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )    **REPORT AND RECOMMENDATION**
           Defendant.           )
_____)

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On November 6, 2006, plaintiff filed his application for DIB benefits alleging an August 16, 1997 onset of disability. (A.R. 84-85). Plaintiff's disability insured status expired on March 31, 2003. Thus, it was plaintiff's burden to submit evidence demonstrating that he was disabled on or before March 31, 2003. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claim for DIB benefits was denied on initial review. (A.R. 59-64). On March 5, 2009, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 20-58). On March 30, 2009, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 10-19). On September 1, 2009, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

On October 29, 2009, plaintiff filed his *pro se* complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. Upon review, I find no basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of

whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from August 16, 1997, through March 31, 2003, but not thereafter. Plaintiff engaged in substantial gainful activity during a six-month period in 2002, but had not otherwise engaged in substantial gainful activity. (A.R. 12). Plaintiff had the following severe impairments: "degenerative disc disease; status post cervical fusion (1994); [and a] depressive disorder." (A.R. 13). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 14). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: he could not use ladders, scaffolds or ropes; he could only occasionally crawl, crouch, kneel, stoop, ramp or stair climb; he could not work in an area with concentrated exposure to noises; he was limited to unskilled work with an SVP rating of 1 or 2 involving 1, 2 or 3-step instructions; he could not perform work involving

concentration on detailed/precision tasks or on multiple/simultaneous tasks; he could not perform work requiring reading, calculating, computing, problem solving or reasoning.

(A.R. 15).

The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible and that plaintiff's severe symptoms did not manifest themselves until long after his insured status had expired:

> The claimant alleged an inability to work due to pain involving such areas as his lower back and neck. The claimant also reported left sided fire-like pain and numbness, and painful lower limbs with hardened arteries. The claimant contended to experience depressed mood, low energy and amotivation. The claimant indicated that his symptoms were aggravated by most physical actions, and only partially alleviated with medication, reclining and rest. According to the claimant, his condition limited his ability to lift over 10-15 pounds, stand or sit more than 15-20 minutes, bend, squat, walk, kneel, climb, concentrate or persist on tasks.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> Specifically, no physician imposed a work preclusive limitation on the claimant's functioning. The undersigned notes the results of MRI, radiographic, stress, vascular, pulmonary function and clinical evaluations which did not unveil totally debilitating pathology. During the period under consideration, imaging studies of the claimant's spine were negative for malalignment, recurrent herniation, cord or nerve root embarrassment, profound degenerative or erosive changes. The claimant is obese, and the undersigned has considered how his weight affects the ability to perform routine movements and necessary physical activity within the work environment. The undersigned is aware that obesity often complicates existing medical problems, and that the consequences of this condition may not be readily apparent. The combined effects of obesity with other impairments may be greater than might be expected without the disorder. The Administrative Law Judge examined any added and accumulative effects this condition played on his ability to function. In spite of his weight, clinicians observed the claimant ambulate quite well without an assistive device (claimant stated that he has used a cane for a few years, but not until after March 2003) and to retain functional range of motion. The claimant's neurological functions in terms of motor power, reflex activity and sensation were intact, and his musculoskeletal and extremity reviews were free of deformity, clubbing, cyanosis, edema, heat, discoloration, ulceration,

> diminished pulsation or atrophic changes.  The claimant does have some history of hearing loss which is benefited with aids.  The claimant understands conversational speech and communicates well.  There is no doubt that the claimant's condition deteriorated subsequent to the expiration of his insured status, however, the record simply does not demonstrate that he was limited beyond the parameters of the residual functional capacity adopted through March 2003.  The evidence indicates that the claimant suffered an abrupt increase in spinal problems during 2006 when he flipped over in a chair at a retail store.  Although the claimant reported a history of diabetes, there is no demonstration in the record that such a condition existed, or engendered any functional limitations from such a disorder on or prior to March 31, 2003.  The claimant manifested no diabetic retinopathy, neuropathy or other end organ sequelae.  Furthermore, extensive heart work ups yielded benign findings.  While the claimant complained of left sided numbness, disequilibrium and lower limb arterial hardening, these symptoms did not arise until some five years beyond insured status expiration.  Similarly, during the period at issue, the record contained only very intermittent and infrequent reference to the claimant's emotional status.  He was not psychiatrically hospitalized, and he did not participate in any protected counseling or other formal mental health care.  The claimant was generally described as alert, pleasant and appropriate, and to be without obvious cognitive dysfunction or perceptual disturbance.  The overall evidence in the record does not suggest or establish that the claimant lacked suitable concentration, memory, adaptive, basic cognitive or interpersonal skills for vocational involvement that is simple and routine in nature, as depicted in the residual functional capacity adopted (during March 2008, the claimant alleged problems with his mood; See Exhibit 8F)[A.R. 233-36].  Within testimony or the written record, it was reported that the claimant was able to perform certain self-care tasks and other activities.  The claimant occasional[ly cooked] basic meals, dusted and washed small loads of laundry.  In addition, the claimant fed his dog and rabbit, operated a motor vehicle and went shopping.  Continuing, the claimant mowed his lawn (with a rider), visited with family, hunted and fished (e.g., ice fishing) (Exhibit 5E)[A.R. 133-40; *see* A.R. 34-35, 45].

(A.R. 15-17). The ALJ found that through his date last insured, plaintiff was capable of performing his past relevant work as a parts inspector. This work did not require the performance of work-related activities precluded by plaintiff's RFC. (A.R. 18). The ALJ found that plaintiff was not

disabled at step 4 of the sequential analysis[1] because he was capable of performing his past relevant work. (A.R. 10-18).

**1.**

Plaintiff's two-page brief (docket # 9) is not a model of clarity. He expresses his frustration that applications he filed for DIB benefits in the 1990s were denied. He blames his attorneys for mishandling those cases. Plaintiff's earlier unsuccessful claims for DIB benefits and the purported inadequacy of his attorneys are not before this court for review. The only decision before the court is the ALJ's March 30, 2009 decision denying plaintiff's November 6, 2006 application for DIB benefits.

**2.**

Plaintiff's attorney filed records dated between September 7, 1994, and March 28, 1996, from Thomas Basch, M.D., in support of plaintiff's application for discretionary review by the Appeals Council. (A.R. 151, 320-44). The Appeals Council denied review. Plaintiff argues that the ALJ's decision should be overturned because the evidence his attorney submitted to the Appeals

---

[1] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that []he is not engaged in substantial gainful activity. Next, the claimant must demonstrate that []he has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

Council supports his claim for DIB benefits. For almost two decades, it has been the clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. Plaintiff invites the court to commit error when he asks the court to consider evidence that was not before the ALJ in determining whether the ALJ's decision is supported by substantial evidence. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996).

Indulgently, the *pro se* plaintiff's request that the court review the "restrictions from Dr. Bausch [sic]" (Plf. Brief at 2) is construed as a request for an order remanding this matter to the Commissioner. "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the ALJ in the sentence four

context. It can only consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence he now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff's proffered evidence is not "new" because it was created more than thirteen years before the ALJ's decision. *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357. Plaintiff has not addressed, much less carried his burden of demonstrating good cause. The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). Finally, in order to establish materiality, plaintiff must show that introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). The proffered evidence is not material. Among other things, Dr. Basch opined that plaintiff was able to work a 40-hour work week with light duty restrictions. (A.R. 335). The proffered evidence would not have reasonably persuaded the Commissioner to reach a different conclusion. I find that plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Plaintiff's

implicit request for a sentence six remand should be denied, because he has not carried his statutory burden. Plaintiff's arguments will be evaluated on the record presented to the ALJ.

**3.**

Plaintiff argues that he experiences headaches and depression. His hearing testimony is devoid of any reference to headaches or headache-related functional limitations. (A.R. 25-48). The record does not indicate that he had a significant headache problem at any time between his alleged onset of disability and the expiration of his disability insured status on March 31, 2003. Plaintiff testified that he suffered from depression. (A.R. 43-45 ). He stated that he had been treated by a psychiatrist for "three or four months" in 1997. (A.R. 49). He could not recall this psychiatrist's name. (A.R. 49). Plaintiff did not submit medical records indicating that he required psychiatric treatment during the closed period at issue. I find no error.

**4.**

Plaintiff challenges the ALJ's credibility determination. Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See, e.g.*, *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, 299 F. App'x 516, 523-24 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x

943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge h[is] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

The ALJ evaluated plaintiff's testimony in light of all the record evidence. It was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). I find that the ALJ's credibility determination is supported by more than substantial evidence.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: July 22, 2010        /s/  Joseph G. Scoville
                            United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).